# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 08-CR-30003-WDS |
| TYRONE W. JACKSON, and MADLON S. LADD, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Tyrone W. Jackson's motion to suppress (Doc. 24) and defendant Madlon S. Ladd has filed a motion to join in Jackson's motion to suppress (Doc. 37). The government has filed a response to the defendants' motions (Doc. 38). The Court held an evidentiary hearing on the motion and took the matter under advisement. The Court granted defendant Ladd leave to join in the motion at the hearing on this matter, and will consider the motions collectively.

## BACKGROUND

The defendants are charged by the grand jury in a four count indictment with crack cocaine related incidents between November, 2005 and October, 2007. Specifically, the defendants are charged with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Count 1 against defendant Ladd and Count 4 against defendant Jackson) and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) (Count 2 against defendant Ladd and Count 3 against both defendants). The defendants were arrested after a February 2, 2007, search incident to a state court issued search

warrant for a residence at 1310 Conger Ave., Mount Vernon, Illinois. In their motion to suppress, the defendants acknowledge that the affidavit (admitted at the hearing as Defendant's Exhibit 1) gave sufficient probable cause for the issuance of the search warrant (Def. Ex. 2) and the subsequent search of the residence.[1] During the search, the officers seized several items, (See Def. Ex. 3), which consisted of:

– a Q-Tip box containing two packages of crack cocaine
– a quantity of cannabis
– $171.00 in currency
– mail addressed to Madlon Ladd
– two documents addressed to Tyrone Jackson
– a security surveillance monitor
– a REA television/dvd player

Defendants assert that the search warrant was overbroad and vague because it authorized the seizure of "records, electronic records, photos, documents and United States currency associated with drug violations." Defendants further assert that the seizure of other items not specifically named in the search warrant was excessive and without authority.

The government asserts that the defendants are without standing to seek suppression because they cannot demonstrate that their Fourth Amendment rights were violated by the search or seizure. *United States v. Padilla*, 508 U.S. 77, 81 (1993). At the hearing, defendant Jackson stated that he would be asserting residence for purposes of this hearing, but reserved the right to take a position contrary to that at trial. *Owens v. United States*, 387 F.3d 607 (7th Cir. 2004). The Court **FINDS** that for purposes of this motion, there is at least an idicia of residence of both defendants, given that among the seized items were documents addressed to each defendant.

---

[1] Indeed, defendants have conceded that the Seventh Circuit case law is against the position that they have taken in their motion.

The government called Detective Captain Ron Almaroad who testified to the seizure of the surveillance camera, currency and baggies. Specifically, Captain Almaroad testified that he has been with the Mt. Vernon Police Department for more than 18 years and has been in charge of the drug task force for approximately 10 years. He testified that plastic baggies are commonly used to cut up and package controlled substances (that drugs are normally put into the corners of the bags which are tied in a knot, thereby sealing in the drugs); that currency is commonly found as drug proceeds; and, that the surveillance system was set up to watch at least two sides of the residence where entrance could easily be made. He further testified that in his experience that each of these items were commonly a part of a controlled substances distribution operation.

## THE SEARCH WARRANT

1. Whether the Warrant was Overbroad.

The defendants contend that the search warrant was overbroad because the officers were searching for evidence of the unlawful possession of controlled substances. The Court **FINDS**, and the defendants do not contest, that the search warrant issued by the Circuit Court of Jefferson County, Illinois was based upon probable cause. The affidavit of Captain Almaroad provided that the Mt. Vernon Police Department had been investigating the defendants Jackson and Ladd for the distribution of cocaine in the Mt. Vernon area, and that a search of the trash picked up from 1310 Conger on February 1, 2007, included evidence of drug activity, including plastic bags, white powder which field tested positive for cocaine, and a quantity of cigar shavings used in the process of making blunts for the ingestion of cocaine. The warrant issued based upon this affidavit allows the officers to search for cocaine, cannabis, other controlled substances, and items related to drug distribution, including records, documents, currency, drug

paraphernalia and equipment, and any documents or other items reflecting residency. In addition, the warrant specifically provided that the search included any places where such items could be secreted including outbuildings and vehicles. A search for drugs logically includes the ability of the officers to search items and containers where drugs might be kept or secreted. It is well settled that participation in drug trafficking activities can create probable cause to search a defendant's residence, even without direct evidence of drug-related activity, because "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Lamon,* 930 F.2d 1183, 1188 (7th Cir.1991) (quoting *United States v. Angulo-Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986)).

The Seventh Circuit has held that, "In practice, courts have ... demanded that the executing officers be able to identify the things to be seized with reasonable certainty and that the warrant description must be as particular as circumstances permit." *United States v. Jones,* 54 F.3d 1285, 1290 (7th Cir.1995)(internal quotation omitted). However, "[i]f detailed particularity is impossible, generic language is permissible if it particularizes the types of items to be seized." *United States v. Hall,* 142 F.3d 988, 996 (7th Cir.1998). Here, the affidavit provided information of the likelihood of drug activity at the residence to be searched. The warrant was specific as to the items seized, all related to direct or circumstantial evidence of drug trafficking. The Court **FINDS** that the warrant was, therefore, not overbroad, particularly in light of the material set forth in the affidavit as to the nature of and evidence already obtained as a result of the investigation that lead up to the issuance of the search warrant. The items detailed in the warrant were sufficiently related to the matters set forth in the affidavit to defeat defendants' claim that it was overly broad.

The Court **FURTHER FINDS** that the language of the search warrant was not impermissibly vague and, therefore, the items seized satisfy the particularity requirement of the Fourth Amendment, and that the search, based upon the language of the warrant, was valid. Thus, the officers were legally entitled to be inside the residence at 1310 Conger and were legally entitled to search areas where illegal controlled substances could be kept.

The Court **FURTHER FINDS** that the seizure of items in addition to the controlled substances was not excessive. The officers seized plastic baggies, a surveillance system and currency. Each of these items are commonly used in drug distribution. *United States v. Sharp*, 436 F.3d 730, 732 (7th Cir. 2006) (plastic baggies are common drug paraphernalia); *United States v. Hoffman,* 519 F.3d 672, 674 (7th Cir. 2008) (surveillance system seized as evidence of drug trafficking).[2] Currency is commonly associated with drug trafficking. Although in this instance the currency seized was not a large amount, it was nevertheless, evidence that corroborated the drug paraphernalia found at the scene. The smaller amount does not go to its admissibility, but the defendants are free to argue that this amount is not clear evidence of drug trafficking,

Finally, the Court **FINDS** that the search in this case was not, as defendants assert, excessive under the terms and scope of the warrant. The officers acted within the scope of the warrant, and were legally entitled to seize the items taken during the search. There is no evidence that the officers exceeded the scope of the warrant, or acted outside the authority given to them by the warrant.

---

[2]Defendants try to distinguish the use of surveillance cameras as evidence of drug dealing (trafficking) from drug possession. The Court finds this to be a distinction without a difference with respect to the seizure of evidence in this case.

### 2. Plain View

Moreover, the items seized were, for the most part, found in plain view. It is well settled that items in plain view are subject to seizure. *United States v. Raney,* 342 F.3d 551, 558-59 (7th Cir. 2003) (if an officer is lawfully present and sees an object in plain view, and the incriminating nature of the object is readily apparent, an object can properly be seized pursuant to the plain view doctrine). Therefore, the Court **FINDS** that even if the warrant were overbroad, the items were properly seized as they were in plain view.

### 3. Good Faith Reliance by Officers

Finally, the Court **FINDS** that even if the Court had found that the warrant was not sufficiently particular or was overbroad, the officers were entitled to rely on the warrant, and did so in good faith. "Even if a warrant is ultimately found to be unsupported by probable cause or lacking in particularity, searches conducted pursuant to the warrant may be valid under the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897, 926 (1984)." *Jones v. Wilhelm*, 425 F.3d 455, 464 (7th Cir. 2005). Here there is no showing that the warrant was sought in anything other than good faith by the officers, *United States v. Mykytiuk,* 402 F.3d 773, 777 (7th Cir. 2005), therefore, the officers were entitled to rely on the warrant, even if it lacked particularity.

### CONCLUSION

Accordingly, the Court **DENIES** defendants' motions to suppress on all grounds asserted.

**IT IS SO ORDERED.**

**DATE:** May 9, 2008

    s/ **WILLIAM D. STIHEL**
    **District Judge**