# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) No. 08-CR-30003-WDS |
| TYRONE W. JACKSON and MADLON S. LADD, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the government's second notice of intention to use Rule 404(b) evidence (Doc. 66) to which the defendant Ladd has filed an objection (Doc. 73).

## USE OF 404(b) EVIDENCE

The Seventh Circuit held in *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006) that, "[g]enerally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *Id.* (*citing United States v. Jones*, 389 F.3d 753, 757 (7th Cir.2004)), *vacated,* 545 U.S. 1125 *reinstated in part,* 144 Fed.Appx. 563, 2005 WL 2456605 (7th Cir. Oct.6, 2005) (vacating and remanding for resentencing under *Booker* ). Evidence is admissible under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Jones,* 389 F.3d at 756; Fed.R.Evid. 404(b).

"If the evidence of other crimes or bad acts provides direct or inextricably intertwined evidence (often referred to as intricately related evidence) of the acts charged, it is not subject to

the constraints of Rule 404(b)." *James*, 464 F.3d at 709 (*citing United States v. Lane,* 323 F.3d 568, 579 (7th Cir.2003)). Under *Lane* although intricately related evidence need not satisfy the constraints of Rule 404(b) it must satisfy the balancing test of Rule 403. 323 F.3d at 580.

The Seventh Circuit uses a four-part test for the admissibility of evidence under Rule 404(b): (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[ ] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice *United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir.2001).

In this motion, the government indicated that it intends to introduce the following evidence:

1. That on March 28, 2006, the defendants were at the Royal Inn Hotel, Mt. Vernon, Illinois, and that a search of that room revealed a small amount of crack cocaine, marijuana, a razor used to cut crack cocaine, and more than $800.00 in cash. The government has stated that this evidence would be offered to show intent, knowledge, lack of mistake and a relationship between the two parties. The government has specified that Count 3[1] of the Superseding Indictment involves the defendants' use of the same hotel on January 25, 2006, which resulted in a search of their room, and the recovery by law enforcement of crack cocaine, marijuana, plastic baggies used for packaging drugs and other related items. The Court notes that since the filing

---

[1] The government's motion refers to Count 2 of the Indictment, which now is Count 3 of the Superseding Indictment.

of this motion, the government has filed a Superseding Indictment which adds a conspiracy count (Count 1) which charges that the defendants conspired to knowingly and intentionally distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The defendant, Ladd, has filed a general objection, indicating that she objects to this evidence on the grounds that it is not specific and it does not appear relevant to the charges.

Applying the standards set forth above, the Court **FINDS** that the evidence of the March 28, 2006, search of the defendants' room at the Royal Inn Hotel is admissible under Rule 404(b) as it would go to show motive, intent, knowledge, identity and the absence of mistake or accident. The evidence is related in time and place to the charges in the Superseding Indictment. Therefore, the Court will permit the government to offer evidence related to the March 28, 2006 search of the defendants' room at the Royal Inn Hotel.

2. The government also seeks to introduce the testimony of two additional witnesses. One of these witnesses will testify that he purchased crack cocaine in 8 ball quantites from the defendant Jackson on approximately ten (10) occasions, and that the defendant Ladd sold most of the crack cocaine for Jackson and his brother, Ronald Jackson. The other witness will testify that he lived with the defendants for a period of time and that he sold drugs for Jackson, including one sale of crack cocaine, and that he saw Jackson in the possession of large quantities of crack cocaine on at least two occasions. The witness will further testify that Jackson would rarely touch the cocain, but would have defendant Ladd hold and sell the drugs for him.

The Court **FINDS** that this evidence is also admissible under Rule 404(b) as it would go

to show motive, intent, knowledge, identity and the absence of mistake or accident. The evidence is related in time and place to the charges in the indictment and it involves the two witnesses' personal knowledge and observation of actions by the defendants involving the possession of crack cocaine, their activities and methods of distributing and possessing the drugs, all part of the charged offenses.

Accordingly, the Court overrules the defendant's objections and will permit the government to introduce this evidence at trial.

**IT IS SO ORDERED.**

**DATE:   11 July, 2008**

                                                                **s/ WILLIAM D. STIEHL**
                                                                **District Judge**